No. 37,974

METROPOLITAN LIFE INSURANCE COMPANY, a corporation, *Plaintiff,* v. FRANK SULLIVAN, as Commissioner of Insurance of the State of Kansas, *Defendant.*

(223 P. 2d 713)

Opinion filed November 10, 1950.

*Lester M. Goodell, Margaret McGurnaghan, Frederick A. Mann* and *George M. Brewster*, all of Topeka, were on the briefs for the plaintiff.

*Harold R. Fatzer*, attorney general, and *L. P. Brooks*, assistant attorney general, were on the briefs for the defendant.

The opinion of the court was delivered by

PRICE, J.: This is an original proceeding in mandamus filed on December 30, 1949, by the plaintiff, a mutual life insurance company, against the Commissioner of Insurance of the State of Kansas, in· which plaintiff seeks an order of this court requiring the defendant to withdraw a letter of disapproval sent by defendant to plaintiff in which defendant refused to accept for filing certain forms of application for insurance to which were attached forms of receipt for premium payments. Plaintiff seeks an order requiring defendant to accept the forms of application for filing, thus making them available for use by plaintiff in Kansas.

To the verified answer filed by defendant, plaintiff filed its motion to strike certain portions thereof on the grounds that such objectionable portions were irrelevant, redundant, repetitious, argumentative, conclusions, and that they constituted no defense. On March 20, 1950, we denied plaintiff's motion to strike with leave to renew at the hearing of the action on its merits.

Defendant's motion for judgment on the pleadings adjudging that defendant acted lawfully and within his powers and duties, as such Commissioner of Insurance, has not heretofore been ruled on.

The factual background of this matter, as disclosed by the petition and exhibits attached thereto, is in substance as follows:

On December 8, 18 and 29, 1948, plaintiff submitted to the Kansas Insurance Department for filing certain forms of application blanks to which were attached forms of receipt, which forms were proposed to be used in Kansas by plaintiff. On December 22, 1948, defendant advised plaintiff by letter that he had received plaintiff's letters of December 8 and 18, with which plaintiff had submitted the forms in question, and in this letter defendant called plaintiff's attention to certain wording in the receipt form and advised plaintiff that the language was objectionable, with the further statement that such forms would not be accepted for use in Kansas. On January 10, 1949, in reply to plaintiff's letter of December 29, 1948, defendant again advised that the form submitted by plaintiff was unacceptable for use in Kansas and attention was called to certain

objectionable language in the receipt. No objection was made to the language contained in the application forms. The objection was to the so-called "not taken charge" incorporated in the forms of receipt attached to the forms of application.

Plaintiff revised its forms by placing a limitation of one dollar on the "not taken charge" in the event of there being no medical examination, and the identical forms of application with the revised forms of receipt attached were submitted to the department under date of October 7, 1949, and the letter of transmittal made reference to the previous objections raised by defendant.

On November 3, 1949, the defendant refused to accept the forms of application with the revised forms of receipt attached and stamped them "disapproved and not filed." Defendant's letter of disapproval under this date stated in part as follows:

". . . and in the opinion of this Department, the use of the application in question would very likely lead to undue pressure by agents on prospects to secure the signing of the application and could lead to misrepresentation of the contract itself. Such misrepresentations are specifically prohibited in Section 40-235 of Kansas Statutes."

Thereafter plaintiff filed this action for a writ of mandamus.

On account of our disposition of this case we do not consider it necessary to encumber this opinion with a detailed analysis and discussion of plaintiff's motion to strike certain portions of the answer, but in passing it is sufficient to say that our examination of the answer definitely establishes that many of its allegations are subject to the criticism levelled at it by plaintiff's motion, and were we specifically to rule on the motion much of it would have to be sustained.

From our analysis of the issues framed by the pleadings, we are of the opinion there can be no question but that the objection on the part of defendant Commissioner of Insurance is to the language concerning the "not taken charge" in the form of receipt.

Paragraph VII of plaintiff's petition reads:

"The language objected to is contained in the receipt forms which are attached to the application forms. Said forms are proposed to be used by the plaintiff in the solicitation, sale and issuance of policies of insurance in this State. Upon completion of the application forms by the applicant the receipt is signed by the agent, detached from the application form, and given to the applicant; and said receipt does not become a part of the policy or contract of insurance issued pursuant to the application."

In the first paragraph of defendant's answer the allegations con-

tained in paragraph VII of plaintiff's petition, *supra*, are admitted. In view of such admission we need search no farther for the real basis of defendant's letter of disapproval, for in such paragraph VII, *supra*, it is stated that the objectionable language is contained in the receipt forms which are attached to the application forms.

This leads to the question whether the defendant has any power or authority with respect to the form of receipt. Paragraph VII, *supra*, also alleges that "said receipt does not become a part of the policy or contract of insurance issued pursuant to the application." Plaintiff contends and defendant admits (in the second paragraph of his answer) that the authority of defendant as to these matters is governed by G. S. 1935, 40-216, which reads as follows:

"No insurance company shall hereafter transact business in this state until certified copies of its charter, bylaws and amendments thereto shall have been filed with and approved by the commissioner of insurance. No contract of insurance or indemnity shall be issued or delivered in this state until the form of the same has been filed with the commissioner of insurance, nor if the commissioner of insurance give written notice within thirty days of such filing, to the company proposing to issue such contract, showing wherein the form of such contract does not comply with the requirements of the laws of this state; but the failure of any insurance company to comply with this section shall not constitute a defense to any action brought on its contracts."

By this provision defendant Commissioner of Insurance is given authority and jurisdiction over *contracts of insurance or indemnity* and if he has any objection to their form as filed with him it is his duty so to notify the company within thirty days, calling attention to in what particulars such proposed contract does not comply with statutory requirements.

What, then, is the position of the parties to this lawsuit, in view of the allegations and admissions heretofore referred to? The defendant admits that the basis of his objection is the language contained in the receipt forms, and he further admits that such receipt does *not* become a part of the *policy or contract of insurance* issued pursuant to the application. Both parties concede that the authority of defendant over the matter in controversy is derived from the statute (G. S. 1935, 40-216), *supra*, which provision, as we have already shown, delegates certain supervisory powers to him over *contracts of insurance*. Despite certain other redundant, argumentative and inconsistent allegations in defendant's answer, which, if we felt compelled specifically to rule on, we would strike, for the reasons stated we are of the opinion that nothing further re-

mains in this lawsuit. In the comprehensive brief filed by plaintiff other arguments are advanced as to why the writ should be allowed, such as that the form receipt does not involve misrepresentation offensive to G. S. 1935, 40-235, and that assuming the form of receipt in question is subject to the provisions of G. S. 1935, 40-216, *supra,* the letter of disapproval by the defendant did not comply with the requirement of that statute in that it did not notify plaintiff *wherein* the form submitted failed to meet the requirements of the laws of Kansas. We have examined in detail each of those further arguments but feel that a discussion of them is unnecessary for the correct disposition of this case.

While defendant's motion for judgment asks that judgment be rendered in his favor, the motion itself gives us jurisdiction to render judgment on the pleadings, and from what has been said it therefore follows that judgment should be and it is hereby rendered in favor of the plaintiff, and the writ of mandamus as prayed for is hereby allowed.

SMITH, J., concurs in the result.